OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the order of the Genesee County Court reinstated.
A Grand Jury indicted defendant Van Burén for, among other things, the felony of driving while intoxicated (see, Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]). A person who drives while intoxicated or alcohol-impaired and who has been previously convicted of driving while intoxicated or alcohol-impaired within the preceding 10 years "shall be guilty of a class E felony” (Vehicle and Traffic Law § 1193 [1] [c]). The only evidence submitted by the prosecutor to the Grand Jury as prima facie proof of defendant’s prior conviction was a certificate of conviction for driving while intoxicated (DWI), indicating that within the last 10 years a Robert L. Van Burén had been convicted in Genesee County for a *880 DWI violation under Vehicle and Traffic Law § 1192. No additional evidence as to the identity of the previously convicted individual was presented.
Defendant filed omnibus motions seeking, inter alla, dismissal or reduction of the felony count, arguing that there was insufficient prima facie proof before the Grand Jury of the predicate conviction. County Court held that there was no competent evidence identifying defendant as the person named Robert L. Van Burén who had been convicted of the prior offense referred to. in the certificate of conviction. Accordingly, the court, on the motion to inspect the Grand Jury minutes and to reduce the felony charge, directed that count one of the indictment be reduced to driving while intoxicated, as a misdemeanor, with leave to the People to take such remedial action as authorized by CPL 210.20 (1-a) and (6). On the People’s appeal, the Appellate Division unanimously reversed and reinstated the DWI felony count. We now reverse and reinstate the order of the County Court.
CPL 190.65 provides that the evidence before the Grand Jury upon which an indictment is based must be legally sufficient to establish a prima facie case and furnish a reasonable cause to believe that the person charged committed the offense. " 'In determining whether the People have reached this stage, all questions as to the quality or weight of the proof should be deferred. In other words if the prosecutor has established a prima facie case, the evidence is legally sufficient "even though its quality or weight may be so dubious as to preclude indictment or conviction pursuant to other requirements” ’ ” (People v Jennings, 69 NY2d 103, 115). Legally sufficient evidence is defined in CPL 70.10 (1) as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’.
To make a prima facie showing that the offense of felony DWI (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) has been committed, sufficient proof must be adduced before the Grand Jury to establish that the person charged has a prior conviction for driving while intoxicated or alcohol-impaired within the last 10 years. That a person named Robert L. Van Burén was convicted of driving while intoxicated within the preceding 10-year period even in the same county did not constitute prima facie proof that defendant was the person previously convicted of DWI within the last 10 years. The *881 certificate of conviction standing alone, without some further, connecting evidence tending to show that defendant was the same Robert L. Van Burén named in the certificate, was insufficient to "establish every element of [the] offense charged” (CPL 70.10 [1]; cf., People v Vollick, 148 AD2d 950, affd 75 NY2d 877).
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur in memorandum.
Order reversed, etc.