■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PARKER, Appellant. [740 NYS2d 49] —Judgment, Supreme Court, New York County (James Yates, J.), rendered July 21, 1999, convicting defendant, after a nonjury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven and five years, respectively, unanimously modified, on the law, to the extent of vacating defendant's conviction of criminal possession of a weapon in the third degree and substituting therefor a conviction of criminal possession of a weapon in the fourth degree, and imposing a sentence of a term of one year on that conviction, and otherwise affirmed.

The verdict convicting defendant of assault in the second degree was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established the requisite element of intent to cause physical injury (*see, People v Bracey*, 41 NY2d 296, 301). The court could reasonably have concluded that defendant's act of sneaking up behind the victim and stabbing him in the back was a deliberate act of revenge arising from a prior altercation between the two men.

As the People concede, defendant's conviction of criminal possession of a weapon in the third degree must be reduced to criminal possession of a weapon in the fourth degree because the prosecution failed to establish the necessary element, contested at trial, that defendant had previously been convicted of a crime (Penal Law § 265.02 [1]). The People relied solely on a certificate of conviction identifying defendant by name and such certificate, without any additional evidence proving defendant's identity as the perpetrator of the previous crime, was insufficient (*People v Van Buren*, 82 NY2d 878). Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.