OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and information dismissed.
Defendant was charged in an information with criminal contempt in the second degree (Penal Law § 215.50 [3]), tried and convicted. He contends on appeal that the information was jurisdictionally defective in that it failed to allege that he had knowledge of the contents of the protective order he was charged with violating.
An information must establish, through nonhearsay allegations, every element of the offense charged and defendant’s commission thereof (CPL 100.15, 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987]). This requirement is jurisdictional, nonwaivable except as to hearsay objections which must be preserved by appropriate motion before trial (People v Casey, 95 NY2d 354 [2000]), and thus may be asserted on appeal regardless of defendant’s admitted failure to raise the issue below (Alejandro, 70 NY2d at 135). The omission in the present case was not a hearsay pleading error, but rather was a complete omission of any allegation of an element of the crime of criminal contempt in the second degree, and therefore failed to state a crime (Casey, 95 NY2d at 363-364).
The essential elements of the crime of criminal contempt in the second degree are that a lawful order of the court was in effect and was clearly expressed, that defendant had knowledge of its provisions (although not necessarily through actual service of the order), and that the defendant intentionally disobeyed it (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The information in the present case states only that defendant’s “name” appears on the order, which is insufficient, as a matter of law, to establish that defendant had knowledge of its provisions. This defect is jurisdictionally fatal, and the accusatory instrument must therefore be dismissed (see e.g. People v Simeon, NYLJ, Mar. 31, 1997, at 33, col 1 [App Term, 2d & 11th Jud Dists]; People v Rivera, NYLJ, July 17, 1996, at 23, col 4 [App Term, 2d & 11th Jud Dists]). The People’s allegation on appeal that a copy of the order of protection was annexed to the information would go only to whether the allegations of the ac *23 cusatory instrument were hearsay, but cannot rectify the information’s complete failure to plead the element of defendant’s knowledge of the order (Casey, 95 NY2d at 361-362).
Finally, the People’s contention that this court’s earlier decisions should not be followed due to their purported reliance on People v Alejandro (70 NY2d 133 [1987]) is inapposite, as the Court of Appeals itself reaffirmed, in Casey, Alejandro’s holding (70 NY2d at 135-136) that complete absence of pleading of an element of a crime, as occurred here, is a jurisdictional defect (Casey, 95 NY2d at 362).
Pesce, PJ., Patterson and Rios, JJ., concur.