OPINION OF THE COURT
Joseph Zayas, J.
*815 Following the presentation of the People’s case in this jury trial, defendant moved, pursuant to CPL 290.10 (1) and 360.50, for a trial order of dismissal of the first count of the prosecutor’s information, charging defendant with second degree criminal contempt, a charge based upon defendant’s alleged violation of an order of protection. Defendant’s motion requires the court to determine whether the People sustained their prima facie burden of proving that defendant was aware of the contents of the certified order of protection introduced into evidence, where the People failed to introduce direct evidence that the signature on the order of protection, acknowledging receipt thereof, was the signature of defendant, or direct evidence that defendant was the subject of the order of protection introduced into evidence.
The Evidence at Trial and Defendant’s Motion for a Trial Order of Dismissal
The prosecutor’s information, which charges defendant with criminal contempt in the second degree (Penal Law § 215.50 [3]) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]), alleges that defendant intentionally violated an order of protection by intentionally puncturing the tire of complainant’s vehicle in front of her home.
At defendant’s jury trial, the complainant, Rickie Ennis, testified that, on November 14, 2003, she observed her father, the defendant, bending down near the front tire of her vehicle which was parked in the driveway of her home. After she ran outside, she saw defendant enter his car and drive away. She then noticed that there was a hole on the wall of the front tire and that a “slight hissing” noise was emanating from the tire.
The complainant further testified that she had previously testified against defendant in another trial in a criminal case which had been pending against the defendant in September 2003. The complainant testified that at the conclusion of that other trial an order of protection was issued in her favor and against defendant. This was the extent of the testimony regarding the order of protection.
A certified copy of an order of protection was introduced into evidence without objection. The order, inter alia, directs the defendant, Robert E. Leonard, to stay away from the home of the complainant and to refrain from committing any criminal offense against the complainant. The order indicates that “defendant [was] present in Court” when the order of protection was *816 issued and that “defendant [was] advised in Court of [the] issuance of the Order” of protection. The signature, “R.E. Leonard,” appears on a line above the words “Defendant’s signature,” and is preceded by an “X” and by the words “Received by Defendant.”
The complainant never identified the order admitted into evidence as the order which was issued in her favor in the prior criminal case against defendant. The People did not call any witness or elicit any testimony to establish that the signature on the order of protection was the signature of the defendant on trial, Robert E. Leonard, or that the defendant here was the same defendant in court when the order was issued.
After the People rested, defendant moved, pursuant to CPL 290.10 (1) and 360.50, for a trial order of dismissal of the first count of the prosecutor’s information, charging defendant with criminal contempt in the second degree. Defendant argues that the People failed to prove defendant’s knowledge of the contents of the order of protection — an essential element of the criminal contempt charge — because there was “no testimony” that “the signature on” the order was the signature of the defendant. Nor did the People introduce any other evidence, according to defendant, to establish that defendant was the subject of the certified order of protection introduced into evidence.
The People contend, on the other hand, that such identifying evidence was unnecessary because the order of protection itself establishes defendant’s knowledge of the order, inasmuch as the certified copy of the order indicates that defendant was present in court when it was issued and was advised of the issuance of the order.
The court reserved judgment on defendant’s motion and submitted the second degree criminal contempt count to the jury. The jury found defendant guilty of, inter alia, criminal contempt in the second degree. Having reserved judgment, the court now denies the motion for a trial order of dismissal.
Discussion
It is well settled that the “standard for reviewing the legal sufficiency of evidence in a criminal case is whether ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” (People v Contes, 60 NY2d 620, 621 [1983], quoting Jackson v Virginia, 443 US 307, 319 [1979].) This standard of review applies even when *817 the evidence introduced against defendant is circumstantial. (See People v Ficarrota, 91 NY2d 244, 248-249 [1997]; People v Rossey, 89 NY2d 970, 971-972 [1997].)
Viewing the evidence in the light most favorable to the People requires the court to fully credit the People’s witnesses and draw all reasonable inferences in favor of the prosecution. (Id.; People v Ficarrota, supra.) Applying this standard, courts shall “determine whether there is a valid line of reasoning and permissible inferences from which a rational jury” could find the elements of the crime charged beyond a reasonable doubt. (People v Steinberg, 79 NY2d 673, 682 [1992]; People v Acosta, 80 NY2d 665, 672 [1993]; People v Grassi, 92 NY2d 695, 697 [1999].)
To prove defendant’s guilt of criminal contempt in the second degree (Penal Law § 215.50 [3]) as charged in the prosecutor’s information, the People were required to prove that defendant intentionally disobeyed a lawful court order of protection, which was in effect, by going to the complainant’s home and damaging her car. The foregoing intent element, of course, requires proof that defendant was aware of the contents of the order of protection. (See People v McCowan, 85 NY2d 985, 987 [1995] [“It is not enough . . . simply to inform a defendant that ‘an order’ has been issued, without also telling defendant, either orally or in writing, the contents of the order and the conduct it prohibits”]; People v Inserra, 2 Misc 3d 21, 22 [App Term, 2d Dept 2003] [one of the essential elements of second degree criminal contempt based upon an alleged violation of an order of protection is that “defendant had knowledge of (the order’s) provisions, (although not necessarily through actual service of the order”)], lv granted 2 NY3d 741 [2004]; see also Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.50, at 434 [“To constitute contempt of an order of a court . . . the defendant must have known of the order”].)
Here, defendant, relying upon People v Inserra (2 Misc 3d 21 [2003], supra), argues that the People failed to adduce any evidence to establish the knowledge element of criminal contempt in the second degree. He claims that the certified copy of the order of protection alone could not adequately establish defendant’s awareness of the order because there was no evidence that the signature on the order was the signature of the defendant and the People otherwise failed to establish through other evidence that defendant was the subject of the certified order of protection introduced into evidence.
*818 The court disagrees. Viewing the evidence and “the permissible inferences” arising from the evidence (People v Steinberg, supra, 79 NY2d at 682; People v Acosta, supra, 80 NY2d at 672) in the light most favorable to the People, the court finds that there was sufficient evidence to establish defendant’s knowledge of the provisions of the order of protection.
In this case, the complainant testified that at the conclusion of defendant’s other criminal trial — in which complainant testified against defendant — an order of protection was issued in her favor and against the defendant, Robert E. Leonard. Further, the People introduced into evidence, without objection from defendant, a certified copy of an order of protection directing Robert E. Leonard to stay away from the complainant, Rickie Ennis. Although the complainant never identified that certified order as the order which was issued in her favor in the prior criminal case against defendant, the court finds that the reasonable and permissible inferences arising from the complainant’s testimony, coupled with the evidence of the order itself, sufficiently establish that the defendant on trial, Robert E. Leonard, was the subject of the order of protection introduced into evidence.
Further, the court finds that the People adduced sufficient evidence to establish that defendant was aware of the provisions in the order of protection inasmuch as defendant’s receipt of the order was acknowledged by the signature “R.E. Leonard,” and the order itself indicates that defendant, the subject of the order, was “present .in Court” when the order of protection was issued and was “advised in Court of [the] issuance of the Order.” This proof and the permissible inferences arising therefrom were sufficient to establish that defendant was given notice of the contents of the order “orally [and] in writing” (People v McCowan, supra, 85 NY2d at 987), and thus adequately proves defendant’s knowledge of the provisions of the order of protection. (See People v D'Angelo, 284 AD2d 146, 146 [1st Dept 2001], affd, 98 NY2d 733 [2002] [“Defendant’s presence in court, his initials acknowledging receipt of the order, and the Court Clerk’s testimony . . . warranted the conclusion that defendant personally received the order” and thus “established that defendant had knowledge of the order of protection at issue and its contents”]; see also People v Clark, 95 NY2d 773, 775 [2000] [“Notice of the contents of, and therefore of the conduct prohibited by, an order of protection may be given either orally or in writing or in combination”]; People v McCowan, supra, 85 *819 NY2d at 987 [defendant may be informed of the contents of the order of protection “either orally or in writing”].)
It is true, as defendant argues, that in criminal contempt prosecutions of this kind the People usually establish the knowledge element through the testimony of a court clerk (see People v D’Angelo, 284 AD2d 146 [2001], supra; People v Sullivan, 284 AD2d 917, 918 [4th Dept 2001]), or the testimony of another witness who happened to be present when the defendant was advised of the provisions of the order of protection (see People v Clark, supra, 95 NY2d at 775 [State Trooper]), or when the defendant was served with a copy of the order of protection (see People v Williams, 181 Misc 2d 415, 417 [Crim Ct, Queens County 1999] [police officer]).
Although the foregoing mode of proof may be the most effective way to establish a defendant’s knowledge of the order of protection, there is nothing in the statutory framework of CPL 530.12 or in the case law which requires that the People meet their prima facie burden in this way. All that is required is that there be evidence from which the jury could properly infer that defendant had knowledge of the contents of the order of protection. That proof was not lacking in this case since a rational jury could reasonably infer from the complainant’s admittedly brief testimony and from the order of protection itself that defendant received a written copy of the order, and, in any event, was orally advised of the contents of the order.
Indeed, even in People v D’Angelo (284 AD2d 146 [2001], supra), where a court clerk testified, the People relied upon permissible inferences to establish defendant’s knowledge of the contents of the order of protection. Although the Court in People v D’Angelo (284 AD2d 146 [2001], supra) relied upon the unspecified “testimony” of a “Court Clerk” in finding that the People’s proof was sufficient to withstand a motion for a trial order of dismissal, the briefs filed in the Appellate Division indicate that the clerk was not even in the courtroom when one of the orders of protection was issued and therefore did not observe the order being served upon defendant. Nor did the clerk observe defendant sign his name on the order, thereby acknowledging receipt.[1] Further, the People in D’Angelo (supra) conceded in their Appellate Division brief that they “did not *820 produce any witnesses who were present in court when the . . . order was entered.”* [2] Accordingly, even in D’Angelo, the Court necessarily relied upon the permissible inferences arising from the clerk’s testimony to find that defendant had signed the order acknowledging his receipt thereof — thereby establishing the knowledge element of criminal contempt in the second degree.
People v Inserra (2 Misc 3d 21, supra), the case upon which defendant heavily relies, is not to the contrary. In Inserra (at 22), the Appellate Term held that an information charging criminal contempt in the second degree which “states only that defendant’s ‘name’ appears on the order [of protection], ... is insufficient, as a matter of law, to establish that defendant had knowledge of its provisions.” Defendant’s reliance upon People v Inserra (supra) is misplaced inasmuch as the Appellate Term specifically indicated that it was assessing the sufficiency of the information without regard to the attached order of protection. Further, unlike People v Inserra (supra), where the only allegation was that defendant’s “name” appeared on the order of protection which he was alleged to have violated, here, the People presented evidence not only that defendant’s precise name appeared on the order, but also that the person named in the order signed the order, was “present in Court” when the order of protection was issued, and was “advised in Court of [the] issuance of the Order.” This evidence, together with the complainant’s testimony, was sufficient for a rational jury to find that defendant had the requisite knowledge of the contents of the order of protection beyond a reasonable doubt.
The court recognizes that another rule, not relied upon by defendant, may apply when the People introduce into evidence a certificate of disposition or conviction to establish that defendant has a prior conviction in certain felony prosecutions, where proof of the prior conviction is an element of the charged crime. (See e.g., Penal Law § 265.02 [1]; Vehicle and Traffic Law § 1193 [1] [c].) In such cases, courts have held that a certificate of conviction in the same name as the defendant on trial does not constitute prima facie evidence that defendant was the person referred to in the certificate and is therefore insufficient, standing alone, to establish defendant’s identity as the perpetrator of the previous crime. (See People v Van Buren, 82 NY2d 878, 880-881 [1993]; People v Vollick, 148 AD2d 950 [4th Dept 1989], affd *821 75 NY2d 877 [1990]; People v Parker, 293 AD2d 278 [1st Dept 2002].) In such prosecutions, some “further, connecting evidence” is required “to show that defendant was the same [person] named in the certificate.” (People v Van Buren, supra, 82 NY2d at 881.)
The foregoing cases are readily distinguishable, however, because, here, unlike the aforementioned cases, there was “further, connecting evidence” (id.) to establish that the defendant was the same person named in the certified copy of the order of protection — namely, the complainant’s testimony that at the conclusion of defendant’s other criminal trial an order of protection was issued in her favor and against the defendant, Robert E. Leonard. A rational jury could draw a valid and permissible inference from this connecting testimony that defendant on trial was the same person named in the order of protection and that the order introduced into evidence was the order which was previously issued in complainant’s favor.
In conclusion, the court finds that, viewing the evidence in the light most favorable to the People, a rational jury could reasonably infer from the complainant’s testimony and from the order of protection itself that defendant was aware of the contents of the order of protection. Accordingly, defendant’s motion for a trial order of dismissal is denied.

. Instead, the court clerk in D’Angelo (supra) merely testified that, in his extensive experience, orders of protection are usually not signed by anyone other than the defendant, especially where the defendant is present in court when the order is issued. The clerk further testified that he observed defen *820 dant sign another order of protection which defendant was alleged to have violated and which was admitted into evidence.

. Respondent’s brief at 14 (D’Angelo, supra).