■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. WILLIAMS, Appellant. [818 NYS2d 694]—

Appeal from a judgment of the Supreme Court, Monroe

County (Kenneth R. Fisher, J.), rendered April 9, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]) and grand larceny in the fourth degree (§ 155.30 [5]). We reject the contentions of defendant that the police lacked reasonable suspicion to justify their pursuit of him and that they lacked probable cause to arrest him. The 911 telephone call from the victim described the suspect as a black male, approximately 35 to 40 years old, six feet in height, wearing a dark hooded sweatshirt with a light stripe or design and gold-rimmed eyeglasses, and carrying a bag. Defendant's shirt was not striped and defendant was no longer wearing glasses when first seen by the police running from the area in which the crime occurred within a few minutes after the 911 telephone call was received. Defendant, however, otherwise fit the description of the suspect and he was the only individual in that area who resembled the victim's description in the 911 telephone call (*see People v Gil*, 21 AD3d 1120, 1121 [2005]; *People v Cox*, 210 AD2d 497, 498 [1994]; *People v Gaines*, 207 AD2d 952 [1994], *lv denied* 84 NY2d 1011 [1994]). Although defendant did not "perfectly match" the victim's description of the suspect, "there were enough similarities to provide the police with, at a minimum, the right to make a common-law inquiry" (*People v Cintron*, 304 AD2d 454, 454 [2003], *lv denied* 100 NY2d 579 [2003]). However, defendant fled before the police had the opportunity to approach defendant to make such an inquiry and, based on his flight, his temporal and spacial proximity to the scene of the crime, and his similarity in appearance to the description of the suspect provided by the victim, we conclude that the police had the requisite reasonable suspicion to justify their pursuit of him (*see Gaines*, 207 AD2d at 953). Upon apprehending defendant, the police had reasonable suspicion to transport him in a patrol car to the scene of the crime for a showup identification procedure, and they had probable cause to arrest defendant after the victim identified him as the robber (*see generally People v Muldrow*, 222 AD2d 1076 [1995], *lv denied* 88 NY2d 882 [1996]).

We reject the further contention of defendant that Supreme Court's determination that he is a persistent violent felony offender was based on impermissible hearsay, rendering that determination unconstitutional pursuant to *Crawford v Washing-*

*ton* (541 US 36 [2004]). Among the documents relied upon by the court in sentencing defendant was an affidavit of the director of the Criminal History Bureau, who referred to four fingerprint cards of "Michael Williams" that were obtained in connection with the present felony and three earlier felonies that occurred in 1977, 1980 and 1995. The director asserted in his affidavit that the fingerprint cards were compared and that "staff determined" that the fingerprints on those cards were the fingerprints of the same Michael C. Williams who was before the court at sentencing. In addition, the People presented at sentencing the certificates of conviction for the 1980 and 1995 felonies, as well as a second felony offender information dated May 3, 1995 wherein a Supreme Court Justice certified that Michael Williams was convicted of a felony on May 20, 1980 and another felony on April 4, 1995.

Although the Court of Appeals has not yet addressed the issue now raised by defendant, the Second Circuit has written that "[b]oth the Supreme Court and this Court . . . have consistently held that the right of confrontation does not apply to the sentencing context" (*United States v Martinez*, 413 F3d 239, 242 [2005], *cert denied* — US —, 126 S Ct 1086 [2006]). We conclude, however, that the affidavit of the director of the Criminal History Bureau is not admissible under New York law, even in a sentencing proceeding. Pursuant to CPL 60.60 (2), "[a] report of a public servant charged with the custody of official fingerprint records which contains a certification that the fingerprints of a designated person who has previously been convicted of an offense are identical with those of a defendant in a criminal action, constitutes presumptive evidence of the fact that such defendant has previously been convicted of such offense." Here, however, the affidavit of the public servant at issue, i.e., the director of the Criminal History Bureau, is not based on his personal knowledge but, rather, is based on the determination of unspecified "staff" members. Additionally, the director's affidavit was testimonial in nature, and the " 'testimonial' statements [in the affidavit were] not previously subjected to cross-examination [and thus were] inadmissible against [this] criminal defendant" (*People v Pacer*, 6 NY3d 504, 510 [2006]; *see Crawford*, 541 US at 51-52). At a hearing to determine whether a defendant is a persistent felony offender, "[t]he burden of proof is upon the people and a finding that the defendant has been subjected to a predicate violent felony conviction must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt" (CPL 400.15 [7] [a]; *see* CPL 400.16 [2]). Here, the affidavit of the director would not be admissible at a trial, and thus cannot constitute the requisite proof.

We nevertheless conclude, however, that the certificates of conviction for the 1980 and 1995 felonies as well as the second felony offender information constitute the requisite proof pursuant to CPL 400.15 (7) (a) and 400.16 to support the court's determination that defendant is a persistent violent felony offender. With respect to the certificates of conviction, CPL 60.60 (1) provides that "[a] certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, *constitutes presumptive evidence of the facts stated in such certificate*" (emphasis added). With respect to the second felony offender information, CPL 400.15 (8) provides that, "[w]here a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." We therefore conclude that, by presenting the certificates of conviction and the second felony offender information, the People met their burden of proving beyond a reasonable doubt that defendant was convicted of at least two predicate felonies to support the court's determination that he is a persistent violent felony offender.

Finally, contrary to the contention of defendant, the seven-month delay between the entry of his conviction and his sentencing was not unreasonable as a matter of law (*see generally* CPL 380.30 [1]; *People ex rel. Harty v Fay*, 10 NY2d 374, 379 [1961]; *People v Turner*, 222 AD2d 206, 207 [1995], *lv denied* 88 NY2d 855 [1996]). Present—Hurlbutt, J.P., Gorski, Martoche and Green, JJ.