OPINION OF THE COURT
Matthew A. Rosenbaum, J.
*1016 A hearing was held, pursuant to CPL 400.20 on October 16, 2006 before this court to determine whether defendant Alonzo Taylor warranted persistent felon status. At the hearing, the People offered evidence through production of certificates of conviction of an Alonzo Taylor dated October 26, 1992 and July 28, 1995; plea dispositions for an Alonzo Taylor with sentencing dates of May 4, 1998 and March 25, 2003; second felony offender informations for an Alonzo Taylor dated July 28, 1995, May 4, 1998 and November 12, 2002; and finally a certificate of incarceration for an Alonzo Taylor dated August 17, 2006. The court admitted this evidence as proof of the identity of defendant. The People then rested. The CPL 400.20 (1) (b) portion of the hearing was then adjourned for the court to consider defendant’s motion to terminate the CPL 400.20 hearing on the grounds that the People failed to prove that defendant was a persistent felony offender under Penal Law § 70.10 (1).
In order to be sentenced as a persistent felony offender, the court must determine whether the People have established beyond a reasonable doubt that the defendant has been convicted of at least two or more prior felonies. (Penal Law § 70.10 [1] [a]-[c]; CPL 400.20 [1]; People v Nelson, 16 AD3d 1172 [4th Dept 2005].) In the event that defendant disputes the alleged prior convictions, as defendant did in the case before the court, a hearing must be held pursuant to CPL 400.20 (5), which states, in part that “[a] finding that the defendant is a persistent felony offender . . . must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to the trial of the issue of guilt.”
Defendant disputes that he is a persistent felony offender and further argues that the People have failed to meet their burden of proof beyond a reasonable doubt. It is well settled that certificates of conviction, standing alone, are insufficient to establish beyond a reasonable doubt that a defendant had a previous felony conviction. (People v Vollick, 75 NY2d 877 [1990]; People v Van Buren, 82 NY2d 878 [1993].) In Vollick the Court held that a certificate of conviction merely states a conviction was had of an individual; “it [does] not otherwise state any facts demonstrating that the person named in the certificate [is] the defendant.” (75 NY2d at 878.) In Van Burén the Court similarly held a certificate of conviction without further connecting evidence which would tend to show the defendant was the same individual named in the certificate, “was insufficient to establish every element of [the] offense charged.” (82 NY2d at 881 [internal quotation marks omitted]; see also CPL 70.10 [1].)
*1017 Defendant further argues that one of the most common ways to establish identity is through in court testimony of a fingerprint examiner who has examined the fingerprints of the defendant, and has compared the prints to the fingerprint cards from previous convictions. Importantly, defendant points out that even fingerprint affidavits are no longer admissible on their own. (People v Williams, 30 AD3d 980 [4th Dept 2006].)
Lastly, defendant points out that the People could have established “connecting evidence” another way, such as by presenting testimony by an individual who had personal knowledge that the defendant was previously convicted of the prior crime set forth in the certificate of conviction. (People v Dugan, 188 AD2d 927 [3d Dept 1992].)
The People have responded by citing one of the same cases defendant relied upon, People v Williams (supra), that the certificates of conviction are proof beyond a reasonable doubt of defendant’s guilt. In their response the People specifically reference a portion of the Williams court’s holding:
“We therefore conclude that, by presenting the certificates of conviction and the second felony offender information, the People met their burden of proving beyond a reasonable doubt that defendant was convicted of at least two predicate felonies to support the court’s determination that he is a persistent violent felony offender.” (Id. at 983.)
The People confidently argue that based on production of four certificates of conviction and three separate second felony offender informations, plus a certificate of incarceration they have provided proof beyond a reasonable doubt that they have established defendant’s identity. Finally, the People proclaim that the Williams decision is directly on point to their establishment of defendant’s identity. The court does not agree.
The court has reviewed a portion of the transcript submitted by defendant of the Williams persistent felony offender hearing which was held before the Honorable Kenneth R. Fisher, Supreme Court Justice, on April 2, 2003. In the transcript, it is clearly shown that the People, through exhaustive testimony, established personal identification of the defendant. In Williams, the People presented identification testimony at the sentencing hearing in the form of an investigating officer who witnessed the identification procedure, transported the defendant, recorded pedigree information, and brought defendant to booking to be fingerprinted. Clearly, the Court in Williams found *1018 for the People because there was in-depth testimony by an investigator who clearly knew the defendant. That is plainly not the case in the matter before this court.
The People in no way have established identification of this defendant beyond a reasonable doubt. It is well-settled law that the certificates of conviction or second felony offender informations, standing alone, do not establish proof of identity beyond a reasonable doubt. (See Vollick; Van Buren, supra.) The People could have certainly utilized more in-depth means to establish identification, but chose not to. Had the People followed case law such as People v Mathis (278 AD2d 803 [4th Dept 2000]), which clearly holds that certificates of conviction plus fingerprint testimony conclusively identify a defendant as the person named in the certificates, the outcome of this hearing might have been different.
The People’s application for defendant to be adjudicated a persistent felony offender is hereby denied, pursuant to CPL 400.20 (9), (10). The court will order further sentencing proceedings as provided by law.