[884 NE2d 1037, 855 NYS2d 38]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LEON, Appellant.

Argued January 3, 2008; decided February 19, 2008

## POINTS OF COUNSEL

*Center for Appellate Litigation,* New York City (*Jonathan M. Kirshbaum* and *Robert S. Dean* of counsel), for appellant. I. The rule of admissibility established in *Crawford v Washington* (541 US 36 [2004]), applies at a persistent violent felony offender hearing and bars the People's use of a testimonial fingerprint affidavit since (1) CPL 400.15 (7) (a) states that identity can only be established at the hearing by "evidence admissible under the rules applicable to a trial" and *Crawford* addresses the admissibility of evidence at trial, and (2) relevant Supreme Court precedent has extended the right to confront to recidivist hearings. (*Specht v Patterson,* 386 US 605; *Oyler v Boles,* 368 US 448; *Chandler v Fretag,* 348 US 3; *People v Pacer,* 6 NY3d 504; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340; *People v Williams,* 30 AD3d 980, 7 NY3d 852; *Mungo v Duncan,* 393 F3d 327, 544 US 1002; *People v Rosello,* 97 Misc 2d 963; *United States v Moore,* 208 F3d 411; *Almendarez-Torres v United States,* 523 US 224.) II. The court's adjudication and sentence pursuant to New York's persistent violent felony offender statutes was unconstitutional under *Apprendi v New*

*Jersey* (530 US 466 [2000]), because, in making a factual finding that appellant was the one who committed the prior crimes, the court made factual findings beyond the jury's verdict that were outside the fact of a prior conviction. (*Almendarez-Torres v United States,* 523 US 224; *Blakely v Washington,* 542 US 296; *Shepard v United States,* 544 US 13; *Taylor v United States,* 495 US 575; *People v Rivera,* 5 NY3d 61, 546 US 984.)

*Robert M. Morgenthau, District Attorney,* New York City (*Mark Dwyer* of counsel), for respondent. I. Defendant was not entitled to cross-examine a fingerprint examiner at the sentencing hearing. (*Crawford v Washington,* 541 US 36; *Williams v Oklahoma,* 358 US 576; *People v Williams,* 298 NY 803, 337 US 241; *United States v Martinez,* 413 F3d 239, 546 US 1117; *People v Walker,* 81 NY2d 661; *People ex rel. Knoblauch v Warden,* 216 NY 154; *People v Graham,* 55 NY2d 144; *People v Williams,* 30 AD3d 980; *Chandler v Fretag,* 348 US 3; *Specht v Patterson,* 386 US 605.) II. The Sixth Amendment did not entitle defendant to a jury trial on whether he is the "Jose Leon" convicted of violent felonies in the past. (*Apprendi v New Jersey,* 530 US 466; *People v Boyer,* 6 NY3d 427; *People v Rivera,* 5 NY3d 61, 546 US 984; *People v Rosen,* 96 NY2d 329, 534 US 899; *United States v Johnson,* 440 F3d 832; *United States v Barrerro,* 425 F3d 154; *United States v Morris,* 293 F3d 1010, 537 US 987; *United States v Kempis-Bonola,* 287 F3d 699, 537 US 914; *United States v Santiago,* 268 F3d 151; *Shepard v United States,* 544 US 13.)

### OPINION OF THE COURT

JONES, J.

Defendant Jose Leon's conviction arises out of the sexual abuse of a 13 year old. Supreme Court subsequently conducted a hearing and adjudicated defendant a persistent violent felony offender[1] upon a finding that defendant had previously been convicted of two violent felonies—both first-degree manslaughter—in 1976, and in 1983. On this appeal, defendant presses two arguments concerning his sentence.

First, defendant contends that *Crawford v Washington* (541 US 36 [2004]) applies at a predicate sentencing hearing, both as a matter of his Sixth Amendment right to be confronted with the witnesses against him, and by operation of CPL 400.15 (7)

---

1. *See* Penal Law §§ 70.08, 70.04; *see also* CPL 400.15 (7) (a); 400.16 (2).

(a).[2] In particular, defendant argues that the hearing court violated his right to confront the author of a report certifying that he had compared two fingerprint cards of a "Jose Leon" with two prior convictions (for 1976 and 1983), bearing the identical New York State identification number, and that, in his opinion, the two "fingerprint impressions are those of the same individual."[3] Defendant admitted that he was the same "Jose Leon" identified in the 1976, but not the 1983, conviction. Second, defendant argues that, in light of his challenge to being the same person identified in the 1983 conviction, the hearing court necessarily made a finding of fact—the fact of his identity—beyond the sole permissible fact of prior convictions in violation of *Apprendi v New Jersey* (530 US 466 [2000]).

The Appellate Division rejected both arguments, concluding that defendant was properly adjudicated a persistent violent felony offender "on the basis of admissible evidence (*see* CPL 60.60 [2]; 400.15 [7] [a]; 400.16 [2])" (36 AD3d 538 [2007]) and that his constitutional arguments were meritless. We now affirm.

■ Sentencing proceedings are not trial prosecutions.[4] Thus, we read *Crawford*, as do the Circuit Courts of Appeals to have considered the question, as addressing "[b]y its own terms" testimonial hearsay *at trial* (*United States v Luciano*, 414 F3d 174, 179 [1st Cir 2005] [collecting cases]; *see also United States v Martinez*, 413 F3d 239, 243 n 5 [2d Cir 2005], *cert denied* 546 US 1117 [2006] [collecting cases]).

■ Similarly, we reject defendant's contention that CPL 400.15 (7) (a) incorporates into his sentencing hearing the trial

---

2. CPL 400.15 (7) (a) provides that at a persistent violent felony hearing, "[t]he burden of proof is upon the people and a finding that the defendant has been subjected to a predicate violent felony conviction must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt."

3. CPL 60.60 (2) provides:

"A report of a public servant charged with the custody of official fingerprint records which contains a certification that the fingerprints of a designated person who has previously been convicted of an offense are identical with those of a defendant in a criminal action, constitutes presumptive evidence of the fact that such defendant has previously been convicted of such offense."

4. *See Barber v Page*, 390 US 719, 725 (1968) ("The right [of] confrontation is basically a trial right"); *see also People v Perry*, 36 NY2d 114, 119 (1975) ("neither the Supreme Court nor this court has ever held, nor do we now believe, that the full panoply of constitutional rights should be applied to the sentencing process").

right of confrontation. Before *Crawford*, there was little doubt that affidavits based on fingerprint comparisons were admissible at predicate sentencing hearings (*see* CPL 60.60 [2]; CPLR 4520).[5] Section 400.15 (7) (a)'s requirement that evidence be subject to "the rules applicable to a trial of the issue of guilt" dates to 1967 in section 470-a of the former Code of Criminal Procedure.[6] To agree with defendant's broad construction of section 400.15 (7) (a) is to presume too much of the Legislature's intent, given the timing of the enactment of section 60.60 (2). Testimonial hearsay under section 60.60 (2) continued to be admitted after the passage of section 400.15, both at trial and at predicate felony hearings (although *Crawford* now places new restrictions at trial). Because, in our view, *Crawford* does not apply at sentencing proceedings, we decline to construe section 400.15 along with other hearsay statutes, which have always operated in tandem, in a way that yields unworkable results (*see Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation*, 71 NY2d 186, 195 [1988]).

■ Finally, we have considered defendant's *Apprendi* challenge and find it also to be without merit (*see People v Rivera*, 5 NY3d 61 [2005]; *see also United States v Johnson*, 440 F3d 832, 848 [6th Cir 2006] ["Common sense dictates that these facts are 'so basic as to be implicit in the fact of a prior conviction' "]; *United States v Thompson*, 421 F3d 278, 284 n 4 [4th Cir 2005] [same]; *United States v Santiago*, 268 F3d 151, 156 [2d Cir 2001] [a sentencing judge's ability to determine whether a defendant has a prior conviction extends to "the 'who, what, when, and where' of a prior conviction"]).

---

5. CPL 60.60 was enacted in 1970. Subdivision (2), authorizing the admission of fingerprint comparison reports, has its origins in section 482-b of the former Code of Criminal Procedure, enacted in 1927 (*see* L 1927, ch 356; *see also* Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.60, at 345 [1971 ed]). CPLR 4520, in its current form, dates to 1962 (*see* L 1962, ch 308). With a minor, irrelevant difference, this rule has origins in former Civil Practice Act § 367. Section 4520 provides:

> "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated."

6. *See* Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 400.20, at 132-133 (1971 ed) (section 400.20 "restates, in substance, the provisions of former Code section 470-a enacted in 1967 . . . The procedure established was, for the most part, completely new").

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.