■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO P. TAYLOR, Appellant. [897 NYS2d 359]—

Appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), rendered November 14, 2006. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree and grand larceny in the fourth degree (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35) and four counts of grand larceny in the fourth degree (§ 155.30 [4]), defendant contends that Supreme Court's "erroneous *Ventimiglia* ruling deprived him of a fair trial." We reject that contention. The court neither abused nor improvidently exercised its discretion in permitting the People to present evidence concerning two prior convictions involving defendant's entry into two places of business and stealing property located on the premises. That evidence was relevant on the issue of defendant's intent in entering the office where the instant crimes occurred (*see e.g. People v Carter*, 50 AD3d 1318, 1321-1322 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Taylor*, 2

AD3d 1306, 1308 [2003], *lv denied* 2 NY3d 746 [2004]), and it constituted sufficient "evidence of 'a distinctive repetitive pattern' of criminal conduct [to] be admitted under *Molineux* to show the defendant's identity" (*People v Arafet*, 13 NY3d 460, 466 [2009], quoting *People v Allweiss*, 48 NY2d 40, 48 [1979]; *see also People v Beam*, 57 NY2d 241, 251 [1982]). We further conclude that the court properly determined that the probative value of the evidence exceeded its prejudicial effect (*see generally People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]). Finally, we note in addition that the evidence was also relevant to rebut the defense that defendant had a legitimate reason for his presence in the office where the instant crimes occurred (*see e.g. People v Small*, 12 NY3d 732, 733 [2009]; *People v Lawrence*, 4 AD3d 436 [2004], *lv denied* 2 NY3d 802 [2004]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ. **[Prior Case History: 13 Misc 3d 1015.]**