OPINION OF THE COURT
Juan M. Merchan, J.
On September 11, 2009, defendant Benjamin Anderson was convicted before this court, after trial by jury, of the crime of robbery in the first degree (Penal Law § 160.15 [4]), a class B violent felony. On December 16, 2009, the People filed a statement of two or more predicate violent felony convictions, pursuant to Penal Law § 70.08, and Criminal Procedure Law §§ 400.16 and 400.15. The People argued Mr. Anderson must be sentenced as a persistent violent felony offender (PVFO) based upon two prior violent felony convictions, as defined in Penal Law §§ 70.08, 70.04 (1) (b) and § 70.02 (1) (b).
On April 28, 2010, after conducting a persistent felony offender hearing, this court sentenced the defendant as a PVFO. This written decision amplifies the court’s oral decision.
The People argued the defendant was a mandatory PVFO based upon two prior violent felony convictions for robbery in the second degree (Penal Law § 160.10), one from November 4, 1992 and one from April 10, 1986, both in the Supreme Court of New York County.
The People set forth the necessary periods of incarceration within their persistent predicate violent felony offender statement to toll the 10-year period set forth in Penal Law § 70.04 (1) (b) (v). Defendant did not dispute the propriety of the People’s calculations as to the tolling periods. Further, the defendant did not raise any constitutional challenges to the validity of the two prior violent felony convictions set forth in the predicate statement.
Defendant moved to controvert the predicate statement upon two specific grounds.
First, the defendant maintained he was not a mandatory violent persistent felon, subject to the enhanced sentencing provi *291 sions of Penal Law § 70.08, because he was not the same person who was convicted of the two prior violent felonies set forth in the People’s persistent violent predicate felony offender statement.
Secondly, the defendant argued that the provisions of Penal Law § 70.08, which would enhance his sentencing range on the basis of these two prior violent felony convictions, violated his Sixth Amendment right to a trial by an impartial jury, under the rationale of Apprendi v New Jersey (530 US 466 [2000]) and Besser v Walsh (601 F3d 163 [2d Cir 2010]). Defendant contends that every fact that increases his minimum sentence, including the existence of prior violent felony convictions, must be determined before a jury.
The People responded that the defendant is in fact the same person who was convicted of the two above-referenced violent felony convictions and is subject to mandatory enhanced sentencing.
Additionally, the People maintain that Apprendi v New Jersey (supra) and subsequent case law have no applicability to New York’s PVFO statute set forth in Penal Law § 70.08.
In support of their application for mandatory PVFO status for defendant Benjamin Anderson, the People filed and served certificates of convictions for an Anthony Brown under indictment No. 13859-91 and for a Tony Brown under indictment No. 07941-85, each with the court’s original seal.
Under indictment No. 13859-91, arrest No. M91110621, on November 4, 1992, Anthony Brown was convicted by plea of guilty before the Honorable M. Rettinger of the crime of robbery in the second degree, a class C violent felony, and was sentenced to 4 to 8 years of incarceration. Under indictment No. 07941-85, arrest No. M85107280, Tony Brown was convicted by plea of guilty before the Honorable B. Soloff of the crime of robbery in the second degree, a class C violent felony, and was sentenced to 4 to 8 years in prison.
The People filed and served a certificate signed by Mr. Glenn Freisatz, an identification specialist employed by the State of New York Division of Criminal Justice Services within the Office of Criminal Justice Operations, the State’s central repository of fingerprint cards and criminal history records. On April 21, 2010, Mr. Freisatz compared the fingerprint card from Benjamin Anderson’s arrest under this indictment with the arrest fingerprint cards on file for Anthony Brown, arrest No. *292 M91110621 and Tony Brown, arrest No. M85107280. Mr. Freisatz concluded the three sets of fingerprint impressions belonged to the same individual.
Under the provisions of CPL 60.60 (1) and (2), a certificate of conviction, in conjunction with a fingerprint comparison certificate, constitutes presumptive evidence that a defendant is the same person convicted of the predicate crime set forth in the certificate. The People argued these documents satisfied their burden of proof.
Upon receipt of these documents, the defendant continued to controvert his predicate status. The defendant did not dispute the validity of the certificates of conviction. However, he continued to dispute that he was the same person or persons named in the certificates of conviction under indictment Nos. 13859-91 and 07941-85. Based upon defendant’s exception to the People’s documentation, this court ordered a predicate felony hearing. (CPL 400.15.)
Fingerprint Comparisons
Pursuant to CPL 400.15 (5), where a defendant controverts an allegation in the predicate statement and the uncontroverted allegations in such statement are insufficient to support a finding that the defendant has been subjected to such predicate felony convictions, the court must proceed to hold a hearing. Such a hearing must be before the court without a jury. (CPL 400.15 [7] [a].)
The burden of proof at a PVFO hearing is on the People to prove the defendant’s violent predicate convictions by proof beyond a reasonable doubt, by evidence admissible under the rules applicable to a trial of the issue of guilt. (CPL 400.15 [7] [a].)
Our Court of Appeals has held that a defendant’s right of confrontation under Crawford v Washington (541 US 36, 51-52 [2004]) does not extend to sentencing proceedings. The Court of Appeals specifically addressed the admissibility of fingerprint comparison certificates in two cases decided on the same day, People v Rawlins (10 NY3d 136 [2008]) and People v Leon (10 NY3d 122 [2008]).
In People v Rawlins (10 NY3d 136 [2008], supra), a certificate prepared by a fingerprint examiner employed by the police department was admitted at trial in lieu of his actual testimony. The examiner’s certificate contained the results of his comparison of latent fingerprints collected from a crime scene with the defendant’s fingerprints. The examiner concluded that the crime *293 scene fingerprints matched those of the defendant. The Court of Appeals found the certificate of the fingerprint examiner was testimonial in nature. The examiner had prepared the fingerprint comparison report with the expectation that it would be used in a criminal prosecution, and its use at trial constituted a substitute for his testimonial conclusions. (Id. at 157.) The admission of a certificate of fingerprint comparison at trial was held to violate the defendant’s right to confront the witnesses against him under the Sixth Amendment of the United States Constitution. (Crawford v Washington, 541 US 36, 51-52 [2004], supra.)
However, in People v Leon (10 NY3d 122 [2008], supra) the Court of Appeals came to a different conclusion when a fingerprint examiner’s certificate was relied upon to support the People’s burden of proof at a PVFO hearing. The defendant, Jose Leon, denied he was the same “Jose Leon” convicted under one of the violent predicate felony convictions set forth in the People’s predicate statement. The fingerprint examiner’s report concluded that the defendant was in fact the same Jose Leon previously convicted of that predicate crime. The Court of Appeals reasoned that Crawford, which specifically dealt with trial rights, did not extend to sentencing proceedings.
Prior to Leon, the Fourth Department had applied Crawford to sentencing proceedings. In People v Williams (30 AD3d 980, 982 [4th Dept 2006], Iv denied 7 NY3d 852 [2006]), the court found that the defendant’s right to confrontation under Crawford applied to predicate sentencing proceedings based upon the specific statutory language within CPL 400.15 (7) (a), requiring proof beyond a reasonable doubt “by evidence admissible under the rules applicable to a trial of the issue of guilt.” (See also People v Wright, 34 AD3d 1274, 1275 [4th Dept 2006], lv denied 8 NY3d 886 [2007].)
However, in Leon, the Court of Appeals rejected such reasoning, concluding that our legislature had not intended proof of predicate convictions to require live testimony, subject to cross-examination. The Court noted that CPL 400.15 (7) (a) was enacted in 1967, long before the Supreme Court’s decision in Crawford. Leon stated: “Because, in our view, Crawford does not apply at sentencing proceedings, we decline to construe section 400.15 along with other hearsay statutes, which have always operated in tandem, in a way that yields unworkable results.” (Leon at 126 [citation omitted].) Thus, under the rationale of Leon, compliance with the requirements of CPL 60.60 *294 satisfies the People’s burden of proof at a PVFO hearing, and the testimony of a live witness is not required.
Despite the People’s compliance with CPL 60.60 as well as the requisites of Leon, in an excess of caution, this court granted the defense request for a testimonial hearing. In this case, unlike Leon, neither of the named defendants listed on the People’s predicate statement shared the defendant’s name. While the People’s position was that these were aliases used by this defendant, they presented no proof to that effect prior to the hearing. This added an extra element to the fingerprint analysis, beyond that present in Leon. Accordingly, while not specifically required under the rule set forth in Leon, this court, in its discretion, ordered that the fingerprint examiner be produced at a predicate hearing.
On April 28, 2010, the persistent violent felony offender hearing was held before this court. At the hearing, the People called Police Officer Jones-Murphy, a fingerprint examiner with the New York City Police Department. Officer Jones-Murphy, a 15-year veteran of the New York City Police Department, testified that she had received two months of training in the science of fingerprint analysis upon her assignment to the Identification Section of the Police Department. Further, she has performed thousands of fingerprint comparisons and was previously deemed an expert in fingerprint analysis. This court deemed Officer Jones-Murphy an expert in the field of fingerprint analysis without objection.
Officer Jones-Murphy compared the original fingerprint card created upon Benjamin Anderson’s arrest in this prosecution, arrest No. M0565024, with the original fingerprint cards from the arrest of Anthony Brown for arrest No. M91110621, and the original fingerprint card from the arrest of Tony Brown for arrest No. M85107280. She concluded, based upon her training and experience, to a reasonable degree of scientific certainty, that all three fingerprint records belonged to the same individual.
This court found the testimony of Police Officer Jones-Murphy to be credible. Officer Jones-Murphy’s testimony, in conjunction with the two certificates of conviction and the three fingerprint cards admitted into evidence at the hearing, established, beyond a reasonable doubt, that the defendant was the same person previously convicted of the two violent felonies set forth in the People’s persistent violent predicate felony offender statement.
*295 Constitutionality of Penal Law § 70.08
Defendant’s second argument was that Penal Law § 70.08 is unconstitutional under Apprendi v New Jersey (530 US 466 [2000], supra) and Besser v Walsh (601 F3d 163 [2010], supra). For the reasons which follow, this court found Penal Law § 70.08 does not violate the defendant’s state or federal constitutional right to trial by jury.
Penal Law § 70.08 (1) (a) defines a persistent violent felony offender as “a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 . . . after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of 70.04 of this article.” Subdivision (2) of Penal Law § 70.08 indicates that once a court has found a defendant to be a PVFO, the court must impose an enhanced sentence as set forth in subdivision (3).
In Almendarez-Torres v United States (523 US 224 [1998]), the Supreme Court held that the existence of a prior felony conviction used to enhance a defendant’s sentencing range, need not be charged in an indictment nor proved beyond a reasonable doubt before a jury. Because the predicate conviction is solely a sentencing factor, rather than an element of the crime, a court is authorized to increase a sentence for a recidivist without implicating a defendant’s right to a trial by jury.
In Apprendi v New Jersey (530 US at 490), the Supreme Court retained the Almendarez-Torres exception, expressly stating that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” The Supreme Court’s decisions subsequent to Apprendi have consistently continued to apply the Almendarez-Torres exception. (See e.g. James v United States, 550 US 192, 214 n 8 [2007] [“To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. James admitted the fact of his prior conviction in his guilty plea, and in any case, we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes” (citation omitted)]; see also Cunningham v California, 549 US 270 [2007]; United States v Booker, 543 US 220 [2005]; Blakely v Washington, 542 US 296 [2004]; Ring v Arizona, 536 US 584 [2002].)
Thus, under federal precedent, our PVFO statute, Penal Law § 70.08, does not violate the defendant’s rights under the Sixth Amendment to the United States Constitution.
*296 Likewise, our Court of Appeals has recognized the Almendarez-Torres/Apprendi exception in relation to our sentencing proceedings. In People v Leon (10 NY3d 122, 126 [2008], supra), the Court rejected Mr. Leon’s Apprendi challenge to his PVFO determination. The Court noted that “a sentencing judge’s ability to determine whether a defendant has a prior conviction extends to the ‘who, what, when, and where’ of a prior conviction” (at 126, quoting United States v Santiago, 268 F3d 151, 156 [2d Cir 2001]).
The controversy over the applicability of Apprendi to predicate sentencing in New York has centered around Penal Law § 70.10, our discretionary persistent felony offender statute, rather than Penal Law § 70.08, at issue herein.
Penal Law § 70.10 reads, in relevant part:
“1. Definition of a persistent felony offender.
“(a) A persistent felony offender is a person, other than a persistent violent felony offender as defined in section 70.08, who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision . . .
“2. Authorized Sentence. When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 70.00, 70.02, 70.04, 70.06 or subdivision five of section 70.80 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony. In such event the reasons for the court’s opinion shall be set forth in the record.” (Emphasis added.)
In People v Rosen (96 NY2d 329, 335 [2001]), the Court analyzed our discretionary persistent felony offender (PFO) sentence enhancement provisions under Penal Law § 70.10. Rosen found Penal Law § 70.10 was in compliance with Apprendi. Under Rosen, a judge’s finding that a defendant has previously been convicted of two or more felonies does not implicate a defendant’s constitutional right to a jury trial. *297 With regard to the additional language within Penal Law § 70.10, language not present in the PVFO statute of Penal Law § 70.08, that the sentencing judge is to consider defendant’s history, character, and the nature and circumstances of the criminal conduct, Rosen reasoned this was only a reiteration of the court’s traditional role exercised in all sentencing decisions, and did not constitute fact-finding by the sentencing judge.
In People v Rivera (5 NY3d 61 [2005]), the Court of Appeals again analyzed the constitutionality of the PFO statute (Penal Law § 70.10). Rivera looked to whether any facts beyond those essential to the jury’s verdict, other than prior convictions or admissions, were necessary for the trial judge to impose a PFO sentence. (Id. at 66.) Rivera concluded that Penal Law § 70.10 was constitutional because defendants are deemed PFOs solely on the basis of a finding of two prior felony convictions. Only after such a finding is made, does the sentencing court proceed to make judicial factual determinations based upon a defendant’s history, character, or the circumstances surrounding the criminal conduct. Rivera found no basis to depart from its conclusion in Rosen based upon the Supreme Court’s decision in Blakely v Washington (542 US 296 [2004], supra).
In People v Quinones (12 NY3d 116 [2009]), the Court yet again analyzed the constitutionality of Penal Law § 70.10, this time in light of the Supreme Court’s decision in Cunningham v California (549 US 270 [2007]). The Court in Quinones stated that
“[u]nlike the sentencing schemes in Apprendi, Ring, Blakely, Booker, and Cunningham, all of which effectively provided for judicial fact-finding of an element(s) of an offense as a prerequisite to enhancing a sentence beyond the relevant sentencing range, the New York sentencing scheme, after a defendant is deemed eligible to be sentenced as a persistent felony offender, requires that the sentencing court make a qualitative judgment about, among other things, the defendant’s criminal history and the circumstances surrounding a particular offense in order to determine whether an enhanced sentence, under the statutorily prescribed sentencing range, is warranted. Stated differently, New York’s sentencing scheme, by requiring that sentencing courts consider defend *298 ant’s ‘history and character’ and the ‘nature and circumstances’ of defendant’s conduct in deciding where, within a range, to impose an enhanced sentence, sets the parameters for the performance of one of the sentencing court’s most traditional and basic functions, i.e., the exercise of sentencing discretion.” (12 NY3d at 130.)
The New York Court of Appeals analysis of Apprendi and its progeny as to Penal Law § 70.10 has been called into question most recently in the Second Circuit’s decision in Besser v Walsh (601 F3d 163 [2010], supra). The Second Circuit found Penal Law § 70.10 violated the rule set forth in Apprendi. Besser reasoned that, in light of the Supreme Court’s decisions subsequent to Apprendi, there is no longer any doubt that a judicial finding of any fact, other than the existence of prior convictions, no matter how generalized or amorphous, if used to increase a sentence for a specific crime beyond the statutory maximum, may only be found by a jury. Besser concluded that, under Penal Law § 70.10, it is the judicial fact-finding aspect of the statute, wherein the sentencing judge considers a defendant’s history, character, or circumstances surrounding the criminal conduct, and not the mere finding of two or more prior felony convictions, which determines whether or not a defendant will receive an enhanced sentence. Thus, Besser concluded that Penal Law § 70.10 violated a defendant’s Sixth and Fourteenth Amendments rights to a trial by jury.
Besser noted that New York’s enhanced sentencing ranges for second felony offenders and second violent felony offenders, under Penal Law §§ 70.04 and 70.06, do not violate Apprendi. This is because those enhanced sentencing ranges are activated, without the court’s discretion, solely upon finding a prior felony, or prior violent felony, conviction. Penal Law § 70.08 is akin to Penal Law §§ 70.04 and 70.06, rather than Penal Law § 70.10. New York’s PVFO statute requires no findings beyond that of two or more prior violent felony convictions. Thus, unlike the questions surrounding Penal Law § 70.10, there continues to be no doubt that Penal Law § 70.08 meets the test for constitutionality under Apprendi. Consequently, the questions raised by Besser, in relation to Penal Law § 70.10, do not call into question this defendant’s sentencing pursuant to Penal Law § 70.08.
*299 Therefore, this court’s finding, made after defendant’s conviction by jury trial, that defendant is a mandatory persistent violent felony offender, having been previously convicted of two qualifying violent felony offenses, does not violate defendant’s Sixth Amendment confrontation rights. Defendant’s request for a jury to determine his PVFO status was, accordingly, denied.