■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD VANHOOSER, Appellant. (Appeal No. 2.) [57 NYS3d 811]— Appeal from a resentence of the Onondaga County Court (Thomas J. Miller, J.), rendered August 14, 2015. Defendant was resentenced upon his conviction of burglary in the second degree (three counts) and burglary in the third degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: On a prior appeal, we determined that defendant's waiver of a persistent violent felony hearing was "not effective because it was the product of impermissible coercion by [County Court]" (Walsh, J.) (*People v VanHooser* [appeal No. 2], 126 AD3d 1531, 1532 [2015]). We remitted the matter for a hearing (*id.* at 1532-1533), and the court (Miller, J.) determined that the People met their burden of establishing that defendant had been sentenced for two prior violent felony offenses within 10 years before committing the offenses at issue (*see* Penal Law §§ 70.04 [b] [ii], [iv], [v]; 70.08 [1] [b]). We affirm. The court properly determined that the People met their burden by presenting the persistent violent felony offender statement and the certified records of the Department of Corrections and Community Supervision, which established that defendant was imprisoned in excess of 18 years between the time of the first predicate violent felony offense in June 1986 and the commission of the offenses at issue in June 2011 (*see* § 70.04 [b] [v]; *People v Williams*, 30 AD3d 980, 983 [2006], *lv denied* 7 NY3d 852 [2006]). We note that, on the prior appeal, defendant admitted the predicate violent felony offenses and contested only the calculation of the tolling periods (*see VanHooser*, 126 AD3d at 1532), and thus the court's proper calculation of those periods disposes of the issue in its entirety.

Defendant's further contention that Penal Law § 70.08 is unconstitutional in light of the United States Supreme Court's decision in *Johnson v United States* (576 US —, 135 S Ct 2551 [2015]) is not properly before us inasmuch as he failed to notify the Attorney General of his challenge to the constitutionality of that statute (*see People v Reinard*, 134 AD3d 1407, 1409 [2015], *lv denied* 27 NY3d 1074 [2016]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.