■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ARGENTIERI, Appellant. [800 NYS2d 548]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered October 17, 2000, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, forgery in the second degree, grand larceny in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The record fails to support defendant's assertion that he was absent from various conferences during jury selection and at other points in the trial (*see People v Velasquez*, 1 NY3d 44, 47-48 [2003]). On the contrary, the record warrants the conclusion that defendant was present for each of the conferences at issue. In particular, the record indicates that voir dire of individual venirepersons took place in open court while the balance of the panel waited outside the courtroom. Furthermore, the other colloquies challenged by defendant on appeal involved purely legal matters at which his presence was not required (*People v Fabricio*, 3 NY3d 402 [2004]).

The court properly exercised its discretion in permitting evidence of defendant's prior forgery conviction and a portion of the plea allocution of the underlying incident in which defendant admitted he had forged a postal service form in the name of a girlfriend with the intent to defraud various credit card companies to obtain credit cards in her name. This evidence was highly probative of the contested issues of intent to defraud and steal from the credit card companies, which was the central

issue in the case, as well as identity (*see People v Alvino*, 71 NY2d 233, 242 [1987]). Upon receipt of this evidence, the court immediately instructed the jury that it could not consider it for propensity but only on the issues of intent, knowledge, identity, common scheme or plan and motive. Defendant's challenge to the court's limiting instruction in this regard is unpreserved and unavailing. In its final charge, the court repeated this instruction more fully, to which defendant took no exception.

Although some of the prosecutor's summation comments might have been better left unsaid, the errors were harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.