■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY POTTER, Appellant. [818 NYS2d 54]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered April 29, 2004, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Each of the court's rulings on uncharged crimes evidence was a proper exercise of discretion. In addition to the forged instrument charge upon which he was convicted, defendant was also charged with aggravated unlicensed operation of a motor vehicle in the first degree, a count upon which the jury reached no verdict, having followed the court's instructions to cease deliberations after reaching a guilty verdict on the first count. Each of the uncharged crimes or bad acts at issue was probative of either or both of these charges, and in each instance the court provided detailed limiting instructions. Defendant's prior conviction of second-degree possession of a forged instrument, in an indictment also charging first-degree aggravated unlicensed operation of a motor vehicle, was highly probative of contested issues of knowledge and fraudulent intent (*see e.g. People v Argentieri*, 21 AD3d 743 [2005], *lv denied* 6 NY3d 752 [2005]). Evidence that the car defendant was driving had improper plates and paperwork completed the narrative of events and avoided jury speculation as to the reason the police stopped the car, and defendant's prior use of aliases and false addresses was relevant to the issue of intent (*see generally People v Alvino*, 71 NY2d 233, 242-243 [1987]).

The court providently exercised its discretion (*see People v Ortiz*, 54 NY2d 288, 292 [1981]) in denying defendant's mistrial motion based on a juror's mistaken belief, which she had conveyed to other jurors, that she had seen defendant driving to court and had become annoyed because the person she believed to be defendant had taken a parking space she had wished to use. There was no dispute among the court and parties that defendant could not have been the motorist the juror observed. Accordingly, the court delivered a detailed instruction, which the jury is presumed to have followed (*People v Davis*, 58 NY2d 1102 [1983]), that the juror was mistaken in her observations, that the jury should base its verdict solely on the evidence, and that whether or not defendant was a licensed driver at the time

of the *trial* was irrelevant in any event. There is no merit to defendant's arguments that the juror acted as an unsworn witness, or that the court's instruction was itself a form of testimony, which was based on hearsay. On the contrary, neither the juror nor the court "testified" to anything; there was simply a misunderstanding, and the court cleared it up.

To the extent that defendant is raising constitutional claims with regard to the incident involving the juror, as well as the uncharged crimes evidence, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

Defendant's Confrontation Clause claim is unpreserved (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]; *compare People v Hardy*, 4 NY3d 192, 197 n 3 [2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that even assuming that the affidavits of regularity prepared by a records manager at the Department of Motor Vehicles were admitted into evidence, which is not clear from the record, defendant's right of confrontation was satisfied because the prosecution presented the testimony of a records custodian who reviewed the abstracts of defendant's driving records, and defendant raised no issue regarding the procedures used to inform an individual that his license has been suspended (*compare People v Pacer*, 6 NY3d 504, 512 [2006]). In any event, were we to find any error we would find it to be harmless, because the affidavits only applied to a count of the indictment upon which, as noted, the jury never reached a verdict. We reject defendant's argument that this evidence could have influenced the guilty verdict on the forged instrument count (*see People v Doshi*, 93 NY2d 499, 505 [1999]).

There is no evidence in the record that a subpoena issued by the People constituted *Rosario* material (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and no reason to believe that it contained any information beyond the requirements of CPL 610.10. Even assuming that the subpoena constituted such material, there was no reasonable possibility that its nondisclosure materially contributed to the verdict (CPL 240.75). Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.