■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY VERSAGE, Appellant. [851 NYS2d 475]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 22, 2003, convicting defendant, after a jury trial, of grand larceny in the third degree, grand larceny in the fourth degree (two counts), criminal possession of a forged instrument in the second degree (three counts), and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 3¹/₂ to 7 years, unanimously modified, on the law, to the extent of vacating the convictions of grand larceny in the fourth degree and petit larceny and dismissing those counts of the indictment, and otherwise affirmed.

The court properly permitted the People to introduce uncharged crimes evidence. Defendant, a bookkeeper, was convicted of embezzling funds from his employer by directing payments to his personal bank account in excess of his entitlement to compensation. Defendant also forged checks, several of which were in his possession at the time of his arrest. Defendant denied having any criminal intent, claimed that he believed he was entitled to the funds, and otherwise claimed that some of the alleged acts were inadvertent. Therefore, evidence that defendant had committed similar acts of misconduct against a prior employer was relevant to establish his criminal intent and to show the absence of mistake (*see People v Bayne*, 82 NY2d 673, 676 [1993]; *People v Argentieri*, 21 AD3d 743 [2005], *lv denied* 6 NY3d 752 [2005]). The probative value of this evidence outweighed its potential for prejudice, which the court minimized by way of suitable limiting instructions.

In cross-examining defendant, the prosecutor asked a question about a misrepresentation as to his prior record that defendant had made on a job application. The wording of the question technically violated the court's *Sandoval* ruling, in that it permitted the jury to infer the nature of the conviction whereas the court had only permitted the People to elicit the fact that defendant had previously been convicted of a felony. However, we find any error in this slight deviation from the ruling to be harmless.

By failing to object, or by failing to request any further remedy after an objection was sustained, defendant failed to preserve his present challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that, although some of the challenged remarks should have been avoided, they were generally responsive to the defense summation and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv*

*denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]). The hearing evidence establishes that defendant was not in custody when he made his statements (*see People v Dillhunt,* 41 AD3d 216 [2007]).

As the People concede, the convictions of grand larceny in the fourth degree and petit larceny should have been dismissed as lesser included offenses of grand larceny in the third degree. We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.