■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY KELLY, Appellant. [919 NYS2d 8]—

The court properly denied defendant's suppression motion. The police properly seized evidence under the plain view doctrine (*see People v Diaz*, 81 NY2d 106, 110 [1993]; *Horton v California*, 496 US 128, 136-137 [1990]; *Arizona v Hicks*, 480 US 321, 324-329 [1987]). The police arrested defendant and the codefendant in a car minutes after they sold drugs to an undercover officer. An officer saw a clear lip balm container on the floor of the car, and noticed that it held what appeared to be yellow ziplock bags of crack cocaine. The incriminating nature of this evidence was immediately apparent to the trained and experienced officer (*see e.g. People v Batista*, 261 AD2d 218 [1999], *lv denied* 94 NY2d 819 [1999]). The officer immediately recognized that the container was of a type commonly used to hold narcotics, and saw "yellow zips" inside the clear container, which he recognized as packaging for cocaine. The record fails to support defendant's assertion that the officer did not detect the presence of contraband until after he seized the evidence.

The lip balm container of drugs was also admissible under the automobile exception to the warrant requirement (*see People v Blasich*, 73 NY2d 673 [1989]; *People v Ellis*, 62 NY2d 393, 398 [1984]). Defendant and the codefendant got into a car immediately after completing an undercover sale, and the arresting officer immediately recognized the lip balm container as a common device for carrying drugs. Accordingly, it was reasonable to infer that the car would contain drugs.

Defendant also argues that the lip balm container and its contents should have been excluded at trial as inadmissible as

evidence of an uncharged crime. Since defendant objected to this evidence on different grounds from those raised on appeal, his present claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. This evidence linked defendant to the crime because the container matched a container used in making the undercover sale, and it was not unduly prejudicial.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.