# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**903**

**KA 05-01624**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                      MEMORANDUM AND ORDER

ANTHONY M. GARRETT, DEFENDANT-APPELLANT.

---

PETER J. PULLANO, ROCHESTER (ANDREW FISKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered July 6, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to the element of intent (*see generally People v Bleakley*, 69 NY2d 490, 495). A different finding by the jury, i.e., a finding that defendant acted without intent to kill the victim, would have been unreasonable (*see generally id.*). Defendant admitted that he shot the victim intentionally in his statements to the police and one of his accomplices. Further, the evidence established that, during the course of the robbery, defendant warned the victim that he would shoot him in the event that the victim did not turn out his pockets within a count of three and that defendant followed through on that precise threat. The evidence also established that defendant committed the robbery in a calm and methodical manner prior to shooting the victim. In addition, the People presented ballistics evidence demonstrating that the gun used by defendant could not have been discharged accidently, and nothing concerning the nature of the victim's wounds cast any doubt on the conclusion that defendant shot the victim with the intent to kill him.

Defendant further contends that County Court erred in admitting evidence related to uncharged crimes that he committed in Cleveland immediately prior to being apprehended for the instant crime (*see*

*generally People v Ventimiglia*, 52 NY2d 350, 359; *People v Molineux*, 168 NY 264, 291-294). We conclude that evidence of defendant's criminal conduct in Cleveland was relevant "to complete the narrative" of the People's case insofar as it established that defendant fled from Rochester and explained why key pieces of evidence were located in Cleveland (*People v Mullings*, 23 AD3d 756, 758, *lv denied* 6 NY3d 756, 759; *see generally People v Resek*, 3 NY3d 385, 389-390). Each of those aspects of the narrative, however, could have been established without discussing the details of the Cleveland crimes, i.e., any holes or ambiguities in the narrative "could . . . have been easily dealt with by far less prejudicial means" (*Resek*, 3 NY3d at 390). We therefore conclude that the court erred in admitting testimony related to the details of the Cleveland crimes. Nevertheless, that error is harmless. The court's instructions severely limited the extent to which the jury could rely upon testimony related to the Cleveland crimes (*see People v Walker*, 84 AD3d 842, 843). The remaining evidence against defendant, which included his admission to the crime, was overwhelming, and there was no significant probability that defendant would have been acquitted had the evidence concerning the Cleveland crimes been excluded (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's contention that the court erred in permitting the People to introduce evidence of prior consistent statements made by one of his accomplices. On cross-examination, defense counsel spent considerable time eliciting testimony from that accomplice regarding the fact that he was testifying pursuant to a plea agreement. Defense counsel's apparent strategy in pursuing that line of questioning was to suggest to the jury, however subtly, that the plea deal accepted by the accomplice provided him with a motive for lying about defendant's involvement in the robbery and murder. The People were free to elicit testimony from the accomplice concerning his statements that were consistent with his trial testimony and made prior to the date on which the plea agreement was reached in order to refute defendant's suggestion that the accomplice had fabricated his testimony (*see People v McDaniel*, 81 NY2d 10, 18; *People v McClean*, 69 NY2d 426, 428).

Finally, the sentence is not unduly harsh or severe.

Entered:  October 7, 2011                        Patricia L. Morgan
                                                 Clerk of the Court