Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered December 7, 2010, convicting defendant, after a jury trial, of forgery in the second degree and criminal possession of forged instrument in the second degree, and sentencing her, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.
Since defendant objected to the relevance of an uncharged crime on significantly different grounds from those raised on appeal, her present claim is unpreserved (see e.g. People v Kelly, 82 AD3d 508, 509 [1st Dept 2011], lv denied 16 NY3d 896 [2011]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, and we also find that the court properly exercised its discretion in receiving this evidence, because its probative value outweighed its potential for prejudice. Given the defense theory that defendant wrote out a check from her victim’s account believing that she had permission to spend his money without his prior consent, the evidence of defendant’s prior act of forgery was probative of her intent and absence of mistake (see People v Alvino, 71 NY2d 233, 242 [1987]). The court minimized the potential prejudice by limiting the amount of evidence that could be introduced and by way of suitable limiting instructions (see People v Versage, 48 AD3d 254, 255 [1st Dept 2008], lv denied 10 NY3d 871 [2008]). Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.