OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed, and the matter is remitted to the Criminal Court for further proceedings pursuant to CPL 460.50 (5).
Defendant, who was an employee of a cargo and mail handling company at John F. Kennedy International Airport, was convicted of petit larceny (Penal Law § 155.25), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) in connection with a theft of United States mail. Defendant and codefendant Kevin Richens placed a quantity of mail in a company minivan, with the intent to steal the mail. Shortly thereafter, defendant, who was driving the minivan, was apprehended.
The Criminal Court did not err in permitting the prosecutor to present evidence that, in 2006, defendant, who at the time was employed by JetBlue Airlines, had committed an act similar to the alleged acts in this case. Notwithstanding the similarity of the acts, “knowledge and intent could not be easily inferred from mere possession” of the mail by defendant (People v Bailey, 21 AD3d 383, 384 [2005]; see People v Molineux, 168 NY 264 [1901]; People v Brown, 107 AD3d 1145, 1146-1147 [2013]; People v Taylor, 71 AD3d 1467 [2010]; People v Versage, 48 AD3d 254, 255 [2008]; People v Bourne, 46 AD3d 1101 [2007]). The court minimized the potential for prejudice against defendant by providing the jury with explicit limiting instructions that the prior bad act evidence could not be considered to prove that defendant had a propensity or predisposition to commit the crimes with which he was charged (see People v Garrett, 88 AD3d 1253, 1254 [2011]; People v Versage, 48 AD3d at 255; People v Dickson, 21 AD3d 646, 647 [2005]; cf. People v Sayers, 64 AD3d 728, *15 730-731 [2009]). The claim that the court should have limited the prior bad act evidence, and that counsel was ineffective based on her failure to request that such evidence be limited, is without merit (see People v Morris, 21 NY3d 588, 596 [2013]; cf. People v Resek, 3 NY3d 385, 389-390 [2004]).
Defendant contends that he was not afforded the effective assistance of counsel because a single attorney represented him and his codefendant at their joint trial, and his attorney failed to request that the trial court provide the jury with an instruction on a claim of right defense, and that his waiver of the right to separate representation was invalid. Finally, he contends that the sentence imposed was excessive. Defendant’s contentions are without merit {see People v Richens, 43 Misc 3d 140[A], 2014 NY Slip Op 50813[U] [2014, appeal No. 2012-1634 Q CR] [decided herewith]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.E, Pesce and Aliotta, JJ., concur.