# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**500**
**KA 11-00352**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

IKEEM MITCHELL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 28, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends that he was illegally stopped by the police and, thus, that County Court erred in refusing to suppress the handgun seized by the police from his person and his subsequent statements to the police. We reject that contention. "[T]he police may forcibly stop or pursue an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Martinez*, 80 NY2d 444, 447; *see People v Austin*, 38 AD3d 1246, 1248, *lv denied* 8 NY3d 981). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113; *see People v Woods*, 98 NY2d 627, 628; *Martinez*, 80 NY2d at 448). Here, the evidence before the suppression court established that the police sergeant was entitled to stop defendant forcibly because he had a reasonable suspicion that defendant was involved in the shooting of a man that had been recently reported. Defendant matched the description given by a witness at the crime scene, who described the suspect as a short black male wearing an oversized black hoodie. The witness also indicated that the suspect fled the crime scene on foot in an easterly direction. Within

10 minutes of the report of the shooting, the police sergeant observed defendant walking in that direction from the area of the shooting, and defendant and his clothing matched the description given by the witness. The police sergeant observed that the "voluminous" hoodie worn by defendant hung to his knees and made him appear short. The police sergeant also noted that defendant repeatedly looked behind him to see if he was being followed. We therefore conclude that the police sergeant had the requisite reasonable suspicion that criminal activity was at hand to justify the forcible stop of defendant. In answer to questions from the police sergeant, defendant admitted that he was coming from the area of the shooting and that he had a gun in his pocket, which the police sergeant subsequently lawfully seized (*see People v Jackson*, 72 AD2d 149, 152). Recovery of the gun from defendant's person, in addition to the other information known by the police sergeant, provided probable cause for defendant's arrest. Defendant was thereafter taken to police headquarters, where he waived his *Miranda* rights and made inculpatory statements.

Viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to the element of intent (*see generally People v Bleakley*, 69 NY2d 490, 495). We conclude that a different finding by the jury, i.e., a finding that defendant acted without intent to kill the victim, would have been unreasonable (*see generally id.; People v Garrett*, 88 AD3d 1253, 1253-1254, *lv denied* 18 NY3d 883). In his statements to the police, defendant admitted that he shot the victim intentionally in retaliation for the shooting of his friend the previous day. Furthermore, the evidence at trial established that the victim was shot three times at a close range, indicating an intent to kill (*see generally People v Payne*, 3 NY3d 266, 272).

We reject defendant's contention that the imposition of consecutive sentences for the two crimes is illegal inasmuch as the evidence adduced at trial established that his unlawful possession of the gun was a criminal act separate and distinct from his shooting of the victim (*see People v Brown*, 21 NY3d 739, 751). Finally, defendant's sentence is not unduly harsh or severe, and we see no basis for reducing it.

Entered: June 20, 2014                    Frances E. Cafarell
                                          Clerk of the Court